**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LARRY DIOR COOK,

    Plaintiff,

-vs-                                                  Case No.  8:05-CV-337-T-30MSS

PASCO COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,

    Defendants.

_____/

## ORDER

Plaintiff, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  In his complaint, Plaintiff names as Defendants the Pasco County Board of County Commissioners; Bob White, Pasco County Sheriff; City of New Port Richey, Florida; Auggie Madson, New Port Richey Police Chief; Pasco County Sheriff's Deputies Robert Haugh, Steve Salagras, Michael Toczylowski, Jr., and Andrew Izrailov; New Port Richey Police Officers Scott Baker, Matthew Berry, John M. Nohejl, Jeffery E. Hacciaton, and Unknown Police Officer (Dkt. 1).  Plaintiff contends that Defendants violated his Constitutional rights as provided under the 4th and 14th Amendments when Defendants utilized excessive deadly force in effectuating his arrest. *Id.* at 8B3 - 8B7.  Plaintiff seeks monetary, declarative, and injunctive relief. *Id.* at 9.

Because Plaintiff is seeking redress from employees of a governmental entity, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides as follows:

> (a) Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The Court finds, for reasons set forth *infra*, that even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the complaint should be dismissed pursuant to the Supreme Court's holding in *Heck v. Humphrey. See Heck v. Humphrey*, 512 U.S. 477 (1994).

**Discussion**

Plaintiff asserts that Defendants violated his Constitutional rights as provided under the 4th and 14th Amendments. It is clear, based on the allegations contained in the complaint that the complaint is subject to *sua sponte* dismissal. According to Plaintiff,

Defendants used unreasonably excessive deadly force in effectuating his arrest when Plaintiff, who was unarmed, was shot at over thirty times, hit four times resulting in injuries and had the vehicle he was driving rammed into a street pole (Dkt. 1 at 8B3 - 8B7). Plaintiff was convicted of aggravated assault on a law enforcement officer, willfully fleeing and eluding a law enforcement officer, car jacking without a deadly weapon and criminal mischief.[1]  In his complaint, Plaintiff asserts various allegations against all Defendants. For example, Plaintiff states:

> 98. A New Port Richey police car meeting me from the opposite direction driven by New Port Richey police officer Matthew Berry rammed my vehicle driving it into a pole beside the street.
>
> . . . .
>
> 104. As I drove from the scene in fear of my life Officer Matthew Berry shot into my car three times.
>
> . . . .
>
> 106. Fearing for my life I jumped from the car and ran to the parking lot at the rear of Club 54.
>
> . . . .
>
> 108. I saw a white male whose name later was found to be Zack Horl sitting in a car in the parking lot of Club 54.
>
> 109. I ran up to the driver's side of the car and asked Zack Horl to please help me because someone is trying to kill me.
>
> 110. Zack Horl immediately moved from the driver's seat into the passenger seat and exited the car through the passenger door.
>
> 111. At no time did I threaten violence, brandish a firearm, or physically touch Zack Horl.
>
> . . . .

---

[1] The Court takes judicial notice of information available at the Florida Department Of Corrections Offender Network, http://www.dc.state.fl.us/inmateinfo/inmateinformenu.asp, viewed July 15, 2005. Fed.R.Evid. 201 (2005).

> 115. Cpl. Robert Haugh ran up and pointed his gun at my head and ordered me to put my hands up and stated, "Nigger I will blow your fucking [sic] off."
>
> . . . .
>
> 122. At no time did I draw, display, brandish, or discharge a firearm at any law enforcement officers.
>
> 123. Officers Sgt. Scott Baker, John Nohejl, Jeffery Hacciaton, Steve Salagras, and Cpl. Robert Haugh all shot at me over 30 times.
>
> 124. As a result of this fusillade [sic], I was shot once in the right hand; once in the back, which collapsed a lung, the bullet which is still in my body; and twice in my right leg.
>
> . . . .
>
> 128. Because of being shot four times, I started to lose conciousness and the car started to slowly drift backwards.
>
> 129. Execution style officer Michael Toczylowski shot three times into the passenger side window at me.
>
> 130. Execution style officer Andrew Izrailov shot three times into the driver's side window at me.

(Dkt. 1). If, as asserted, Plaintiff was subject to this treatment and the allegations contained in his Complaint are true, a favorable ruling by this court for Plaintiff would essentially invalidate his state court conviction.

When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). This long standing principle was reaffirmed in *Heck v. Humphrey,* 512 U.S. 477 (1994):

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

-4-

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).  Thus, pursuant to the Supreme Court's holding in *Heck*, a federal civil rights action challenging the legality of the plaintiff's conviction such that his victory would require his release, even if he had not sought that relief, is properly classified as a habeas corpus action and subject to dismissal if, as in the present case, the plaintiff has failed to exhaust his state remedies.

"[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.  If the court determines that the validity of the conviction or sentence will be called into question if the plaintiff were to prevail on his § 1983 claims, the proper procedure is to **dismiss** the complaint without prejudice.

Accordingly, the complaint in the present case fails to state a cause of action as a matter of law until Plaintiff is able to show that he has previously had the conviction concerned herein "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorised to make such a determination, or called into question by a deferral court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

Plaintiff has not shown any immediate risk of substantial or irreparable harm. Moreover, a delay will not unduly burden or prejudice his rights.  Should Plaintiff prevail

on his habeas petition and wish to pursue this matter further, a new action should be commenced in which he makes the requisite showing as outlined above.

Amendment would not cure the deficiencies in the complaint. This case shall, therefore, be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile his claim under § 1983 when he can demonstrate that his conviction has been invalidated.

It is therefore **ORDERED** and **ADJUDGED** that:

1. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** (Dkt. 1).
2. The Clerk of Court shall enter judgment for Defendants, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record